UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEVEN H. BLONDHEIM,

Plaintiff,

v.

CHARLIE REED, and
ROBERT FENEIS,

Defendants.

Civil No. 00-1142 (MJD/AJB)

**ORDER**

Plaintiff, a prisoner at the Minnesota Correctional Facility, Lino Lakes, Minnesota, ("MCF-LL"), commenced this action by filing a Complaint in this District on May 5, 2000. He is seeking relief under 42 U.S.C. § 1983 against two individuals who apparently are employed by the Minnesota Department of Corrections.[1] The matter is now before the Court on Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), by which Plaintiff seeks leave to proceed in this matter in forma pauperis ("IFP").

Plaintiff's IFP application will be GRANTED, which means that he will be excused from pre-paying the full filing fee for this action. However, Plaintiff will be required to pay the unpaid balance of the filing fee -- in this case the full $150 prescribed by 28 U.S.C. § 1914(a) -- in installments, pursuant to 28 U.S.C. § 1915(b)(2). See Ashley v. Dilworth, 147

[1] Giving Plaintiff's complaint the benefit of liberal construction, it appears that he is attempting to allege that the two named Defendants violated his Eighth Amendment rights by not providing proper medical care for a knee injury, and that they also violated his Fourteenth Amendment rights by lengthening his prison term without due process. (It appears that the latter claim will be barred under the principles annunciated by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), but the Court will not address that issue here.)

FILED MAY 17 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

F.3d 715, 716 (8th Cir. 1998) ("the purpose of the [Prison Litigation Reform Act] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). The Clerk of Court shall provide notice of this requirement to the prison authorities at MCF-LL.

Because IFP status is granted, Plaintiff is entitled to have the Defendants served by the U.S. Marshal. (See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).) However, Marshal service cannot be accomplished at this time, because Plaintiff has failed to submit an adequately supported request for such service. To cure this deficiency, Plaintiff must submit one properly completed Form USM-285, together with an extra copy of the Complaint, for each Defendant to be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993).

If Plaintiff does not comply with the requirements of this order by June 7, 2000, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does comply with this order in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal. However, the Marshall will be required to serve only those Defendants for whom Plaintiff has submitted a properly completed Marshal service form and an extra copy of the Complaint.

The Court will defer any ruling on the adequacy of Plaintiff's pleading. (See 28 U.S.C. § 1915A.) Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this order shall be served with the summons and complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action -- namely the full $150 fee prescribed by 28 U.S.C. § 1914(a) -- in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3. On or before June 7, 2000, Plaintiff shall file one completed Form USM-285 and one extra copy of the Complaint for each Defendant to be served, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

4. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on those Defendants for whom Plaintiff has submitted a properly completed Marshal service form and an extra copy of the Complaint.

5. A copy of this order shall be served with the summons and Complaint; and

6. Those Defendants on whom service of process is effected shall be required to file a response to the Complaint.

Dated: May 17th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge