**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Steven H. Blondheim, Civil No. 00-1142 MJD/AJB

Plaintiff,

v.

**ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Charlie Reed and Robert Feneis,

Defendants.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion for entry of default judgment [Docket No. 14]. Plaintiff asserts that defendants Reed and Feneis did not timely answer the complaint and therefore they are in default. Plaintiff further contends that the Joint Answer was improperly submitted on behalf of defendant Reed; the Joint Answer improperly denies allegations in the complaint; defendants' affirmative defenses are invalid; and the Court erroneously accepted defendants' Joint Answer for filing. Service of the Summons and Complaint is evidenced in the file by acknowledgments of service by mail on each defendant dated June 7, 2000. Defendants served a Joint Answer by mail on June 30, 2000, accompanied by a motion for extension of time to file the joint answer. Defendants' motion for extension of time was granted by Order dated July 5, 2000.

Based upon the Court's extension of time in which defendants would be permitted to file their Answer, along with the Court's acceptance of the Joint Answer for filing, **IT IS HEREBY ORDERED** that plaintiff's Motion for Entry of Default Judgment is **denied as moot** [Docket No. 14].



FILED DEC 06 2000
... DOSAL, CLERK
... ENTD ...
DEPUTY CLERK ...

Dated: 12/6/00

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Fed. R. Civ. P. 55 states that default judgment may be entered when a party has failed to plead or otherwise defend and the failure to plead is made to appear by affidavit or otherwise. Giving necessary consideration to the Order granting an extension of time, the Joint Answer was not filed late and the underlying basis for default judgment is non-existent.

Judgment by default is contrary to the judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). A court abuses its discretion when default judgment is entered based upon "marginal failure to comply with the time requirements." Id., at 504. This is particularly true if there is no evidence of prejudice to the plaintiff or evidence of willful procedural misconduct by the defendant. Id., at 504. Defendants in this action promptly requested an extension of time upon discovering their lapse and, in any event, the delay in serving and filing the Joint Answer was *de minimus*. There is no evidence of prejudice to the plaintiff and, in effect, no failure to comply with time requirements. Furthermore, plaintiff acknowledges in his motion pleading that defendants have served and filed an answer to his complaint. Plaintiff's disagreement with assertions made in the responsive pleading does not state issues which are appropriate for determination on motion for default judgment pursuant to Fed. R. Civ. P. 55, and plaintiff's contentions are mere argument, unsupported by affidavit or otherwise. The motion for entry of default judgment is therefore denied as moot.